# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| C & G TRUCKING, INC. et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 09 C 6431 |
| | ) | |
| v. | ) | Wayne R. Andersen |
| | ) | District Judge |
| WILL COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Will County's Motion to Dismiss [11]. For the following reasons, the motion is granted.

## BACKGROUND

C & G Trucking, Inc. is an Illinois corporation with its principal place of business in Peotone, Illinois. Connie Johnson and Gary Johnson (collectively, "the Johnsons") are individuals who reside in Peotone, Illinois, and they are both principals of C & G Trucking, Inc. The Johnsons received a letter dated September 3, 2009 from a Will County Code Enforcement Inspector alleging various zoning ordinance violations. Section 14.9 of the Will County Zoning Ordinance set forth a process for appealing such findings. The Johnsons sought to file an appeal with the Will County Department of Land Use, but such appeal was not possible because Will County had never implemented an appeal process. The Johnsons were told that a party objecting to this type of citation could either (a) wait to be sued by the County in an enforcement action, or (b) file an action seeking declaratory relief in state court.

On October 13, 2009, the Johnsons and C & G Trucking filed case 09 C 6431 in the Northern District of Illinois. The complaint was brought as a class action on behalf of Will

County residents "who received a citation, notice of violation, or fine for violating the Will County Zoning Ordinance" (Compl. ¶ 15.a), alleging that the class members' constitutional rights were violated by virtue of Will County's enactment and application of an ordinance that provides for an appeal process when the appeal process was never implemented. According to the complaint, "[t]his action is based upon 42 U.S.C. § 1983, Article I and Article IV of the United States Constitution, the Fourth, Fifth, Thirteenth and Fourteenth Amendments of the United States Constitution, and Illinois law." (*Id*. at ¶ 5.)

On October 27, 2009, Will County filed two separate zoning enforcement proceedings in state court against both Gary and Connie Johnson. (Mot. to Remand in case 7858 at 2.) On December 21, 2009, the Johnsons removed those proceedings to the Northern District of Illinois. (*Id*.) Case 09 C 7858 was before Judge Guzman, and case 09 C 7878 was before Judge Bucklo. On January 8, 2010, the Johnsons and C & G Trucking filed a motion in case 09 C 6431 requesting that the Court find these three cases related (though the parties failed to provide the correct case numbers in that motion). (Mot. to Reassign Cases as Related at 1.) The Court determined that the cases were related, and on February 18, 2010, minute entries were made on the dockets of all three cases indicating that cases 09 C 7858 and 09 C 7878 were reassigned to Judge Andersen.

Will County filed a motion to dismiss case 09 C 6431 on December 28, 2009, and filed motions to remand cases 09 C 7858 and 09 C 7878 on January 11, 2010. The motion to dismiss is the focus of this opinion, and the motions to remand are addressed in opinions issued in each of the related cases.

**LEGAL STANDARD**

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). The complaint must be construed in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 555).

Additionally, a complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint does not need to set forth all relevant facts or recite the law. Rather, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a); *see also Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996).

**DISCUSSION**

As noted by Will County, it is unclear from the face of Plaintiffs' complaint exactly which constitutional rights are alleged to have been violated. In the section regarding

jurisdiction, Plaintiffs refer to numerous portions of the United States Constitution, including Articles I and IV and Amendments 4, 5, 13 and 14. (Compl. ¶ 5.) Later in the complaint, Plaintiffs specifically refer to "violation and deporvation [sic] of due process and equal protection." (Compl. ¶ 18.)

In support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Will County makes three arguments: (1) Plaintiffs cannot establish a due process claim, (2) Plaintiffs have not properly alleged an Equal Protection Claim, and (3) dismissal is warranted under *Younger v. Harris*. In Plaintiffs' response to the motion to dismiss, Plaintiffs do not specifically address the arguments raised by Will County. Plaintiffs focus on the pleading rules in federal court and case law regarding the general legal standard for consideration of a motion to dismiss. (Resp. to Def.'s Mot. to Dismiss at 2-3.) They then reiterate their claim that Will County failed to follow its own ordinance, and assert that a "protected liberty interest" is involved. (*Id*. at 4-5.)

We presume, as Will County does, that Plaintiffs' complaint alleges a due process claim and an equal protection claim, and we address each of these claims in turn.

**I.      Due Process**

Nowhere in Plaintiffs' complaint nor in their response memorandum do they specifically state whether they are alleging a violation of procedural due process or substantive due process. However, given the fact that they repeatedly use the phrase "procedural safeguards" (Resp. to Def.'s Mot. to Dismiss at 4), the Court construes Plaintiffs' claim as one involving procedural, rather than substantive, due process.

The first issue that must be addressed in a procedural due process claim is whether there has been an unconstitutional deprivation of life, liberty, or property. *Akande v. Grounds*, 555 F.3d 586, 590 (7th Cir. 2009). Plaintiffs assert that there is "clearly a protected liberty interest

here," apparently arguing that the "liberty" in question is the right to be free from "overzealous, misguided, or malicious application of the power to issue citations granted to the zoning administrators." (Resp. to Def.'s Mot. to Dismiss at 4.) In essence, their argument is that Will County deprived the Johnsons and C & G Trucking of a liberty interest by depriving them of the opportunity to pursue the appeals process set forth in the local ordinance.

"The law is well-settled that state-created procedural rights do not, standing alone, constitute protected liberty interests." *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992) (citing *Shango v. Jurich*, 681 F.2d 1091, 110-1101 (7th Cir. 1982)).

> One *cannot* have a "property interest" (or a life or liberty interest for that matter) in mere procedures because "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a claim of entitlement . . . . The State may choose to require procedures for reasons other than protection against deprivation of substantive rights, of course, but in making that choice the State does not create an independent substantive right."

*Doe by Nelson v. Milwaukee County*, 903 F.2d 499, 503 (7th Cir. 1990) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983)) (emphasis in original). *See also Cain v. Larson*, 879 F.2d 1424, 1426 (7th Cir. 1989) ("It is by now well-established that in order to demonstrate a property interest worthy of protection under the fourteenth amendment's due process clause, a party may not simply reply upon the procedural guarantees of state law or local ordinance.").

Plaintiffs' allegation is not that the citation itself was a deprivation of liberty, but that the lack of the appeals process was a deprivation of liberty. In other words, that they were deprived of a process without due process. As discussed above, the procedural rights set forth in the Will County zoning ordinance do not constitute a protected interest in life, liberty or property. Therefore, Plaintiffs have failed to state a valid due process claim, and the claim must be dismissed.

## II. Equal Protection

"To show a violation of the Equal Protection Clause, plaintiffs must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *Chavez v. Illinois State Police*, 251 F.3d 612, 635-36 (7th Cir. 2001) (internal citations omitted). The requirement to show discriminatory effect means that plaintiffs must show that: (1) they are members of a protected class, (2) they are otherwise similarly situated to members of the unprotected class, and (3) they were treated differently from members of the unprotected class. *Id*. Plaintiffs have not alleged any of these elements.

There is no protected class involved here. The class on behalf of which Plaintiffs seek to bring their claim consists of "all persons and/or entities residing in Will County . . . who received a citation, notice of violation, or fine for violating the Will County Zoning Ordinance." (Compl. ¶ 15.a.) This is not a protected class. Nor has there been any identification of similarly situated individuals, or any allegation of such similarly situated individuals being treated differently. Even assuming every fact set forth in the complaint to be true, Plaintiffs have failed to make a single allegation to support an equal protection claim.

## CONCLUSION

Based on the foregoing analysis, Will County's Motion to Dismiss [11] is granted, and Plaintiffs' complaint is dismissed for failure to state a claim upon which relief can be granted.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: March 4, 2010